Date signed November 15, 2012



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| DIANE YVONNE LONG | : | Case No. 11-33734PM |
| | : | Chapter 7 |
| Debtor | : | |
| ------------------------------- | : | |
| UNITED STATES TRUSTEE | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 12-0466PM |
| | : | |
| DIANE YVONNE LONG | : | |
| Defendant | : | |
| ------------------------------- | : | |
| NAVY FEDERAL CREDIT UNION | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 12-0468PM |
| | : | |
| DIANE YVONNE LONG | : | |
| Defendant | : | |
| ------------------------------- | : | |

### MEMORANDUM OF DECISION
### (Motions to Vacate Default)

    Debtor moves to set aside the judgments entered by default denying her discharge in these two adversary proceedings. For the reasons set forth, the Motions will be denied.

    The Debtor filed a bankruptcy case under Chapter 7 on December 5, 2011. A Consent Order was entered May 7, 2012, extending the time for filing objections to Debtor's discharge until July 10, 2012. On July 6, 2012, the Plaintiffs, the United States Trustee and Navy Federal Credit Union ("Navy Federal"), filed Complaints objecting to Debtor's discharge. The Summons

and Notice of Pre-Trial Conference were issued for both cases on July 10, 2012, making the answers due August 9, 2012, and setting both for Pre-Trial Conference on September 12, 2012. The Affidavits of Summons showed that the United States Trustee served its Summons on July 10, 2012, and Navy Federal served its Summons on July 11, 2012. Because Stephen Williams entered his appearance for the Debtor in the bankruptcy case on June 18, 2012, both Plaintiffs served the Summons and Complaint upon Anu Kmt, who filed the petition for the Debtor, Stephen Williams, and the Debtor.

No answer having been filed in either adversary, a default was entered at the request of the United States Trustee on August 21, 2012. A Motion for Judgment by Default was filed by that office on August 22, 2012, and on August 30, 2012, the court entered an Order denying Debtor's discharge. Defendant filed a Motion to Vacate the Judgment on September 6, 2012, together with an answer in the form of a general denial of the charging paragraphs of the Complaint. In the Navy Federal adversary, the timing is nearly the same except for the entry of Default on August 23, 2012, and the entry of a default judgment on September 4, 2012.

Defendant's explanation for the failure to file a timely answer is extraordinary. She says that the "omission of the filing the answer was inadvertent (sic) mistake based on the belief that the NFCU Complaint was merely an additional document to the Trustee's Complaint." But she also failed to file an answer to the United States Trustee's Complaint. In her Motion in the case filed by the United States Trustee the omission of filing the answer was explained as an "inadvertent mistake based on excusable neglect as the Complaints alleged similar allegations and bore a case number with only one digit different." The circuity of this logic is mind-boggling.

The court finds that the Defendant has not met her burden to vacate these Default Judgments. While she acted promptly, there is nothing presented to show a meritorious defense other than the general denial of Plaintiffs' allegations. Far more is required of her. As pointed out in the case of *Consolidated Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251-252 (CA4 1967):

> Furthermore, the defendant did not more than allege in conclusory fashion that it had a meritorious defense. It presented no statement of underlying facts to support this conclusion to enable the court to appraise the merits of the claimed defense. Defendant cits authority to support its contention that it was required to do no more than merely allege that it had a meritorious defense. *Thorpe v. Thorpe*, 124 U.S.App.D.C. 299, 364 F.2d 692 (1966); *Alopari v. O'Leary*, 154 F.Supp. 78 (E.D.Pa.1957). While these cases appear to lend implicit support to such a proposition, in the instant case the court, in its inquiry into the merits of the case, sought to have the defendant state underlying facts to

> support its claim of a meritorious defense. We are not persuaded that a bare allegation of a meritorious defense precludes the court, in its discretion, from requiring disclosure of facts to support such a conclusory assertion. We find that the court did not abuse its discretion, under the circumstances. The defendant did no more than state that plaintiff breached the contract, a mere conclusion which fell far short of providing the court with a satisfactory explanation of the merits of the defense).

*See: In re Hammer*, 940 F.2d 524, 525-526 (CA9 1991).

The court is mindful of the strong preference of the of Fourth Circuit restated in the case of *Collison Preparatory Academy v. Hoover Universal, Inc.*, 616 F.3d 413 (CA4 2010):

> We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits. E.g., *Tazco, Inc. v. Director, Office of Workers Compensation Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir.1990) ("The law disfavors default judgments as a general matter."); *Consolidated Masonry & Fireproofing,* 383 F.2d at 251 ("Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense."). This imperative arises in myriad procedural contexts, but its primacy is never doubted.

While the court has a strong policy in favor of vacating defaults, it will not do so in this case. This is because there is a total absence of any indication of a meritorious defense. The Defendant has not met the standard required for relief under Fed. R. Civ. P. 60(b), made applicable to bankruptcy cases by Bankruptcy Rule 9024. There are simply no "extraordinary circumstances" presented that would invoke the operation of 60(b)(6). *Aikens v. Ingram*, 652 F.3d 496, 500-501 (CA4 2011). Therefore, the Motions will be denied by appropriate orders.

cc:
Lynn A. Kohen, United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770
Anu Kmt, Esq., 4920 Niagara Road, Suite 206, College Park, MD 20740
Stephen J. Williams, Esq., 9500 Arena Drive, Suite 280, Largo, Md 20774
Donald C. Fontaine, Esq., 11200 Rockville Pike, Suite 300, N. Bethesda, MD 20852
Diane Yvonne Long, 4806 Catherine Court, Clinton, MD 20735

**End of Memorandum**